# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 05-054-E-LMB |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| STATE OF IDAHO DEPARTMENT OF ) | |
| ENVIRONMENTAL QUALITY, ) | |
| ) | |
| Defendant. ) | |

Currently pending before the Court are Defendant's Motion for Enlargement of Time to File Motion to Alter or Amend (Docket No. 40), Defendant's Motion to Alter or Amend (Docket No. 41), and Plaintiff's Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration or, in the Alternative, Leave to File Supplemental Brief in Opposition to Defendant's Motion to Alter or Amend (Docket No. 46). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motions would not be significantly aided by oral argument, the Court will address and resolve the motions without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

MEMORANDUM DECISION & ORDER -1-

# I.

# BACKGROUND

On June 31, 2006, Defendant filed a Motion for Summary Judgment (Docket No. 13) against all of Plaintiff's claims. Plaintiff, an insulin-dependent diabetic, had alleged claims of: (1) disability discrimination under the Americans with Disabilities Act ("ADA"), Rehabilitation Act, and the Idaho Human Rights Act and (2) failure to accommodate under the Rehabilitation Act and the Idaho Human Rights Act. *Amended Complaint and Demand for Jury Trial* (Docket No. 3). Defendant's Motion for Summary Judgment was granted in part and denied in part on October 25, 2006. *See Memorandum Decision and Order* (Docket No. 35). Summary Judgment was granted as to the following:

1. Counts One, Two, and Three (the disability discrimination claims), to the extent that the disability discrimination claims are based on Plaintiff's demotion from the A-3 to A-2 position or termination from the A-2 position.
2. Count Three (the ADA claim), to the further extent that it seeks recovery under Title II of the ADA or seeks recovery of money damages under Title I of the ADA.
3. Counts Four and Five (failure to accommodate claims).

*Id.* at 33.

On November 8, 2006, Plaintiff filed a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (Docket No. 36). Plaintiff argued: (1) that the Court should have applied a mixed motive standard to his disability claims and, (2) under this standard, there was sufficient evidence in the record to raise an inference that his demotion from the A-3 position and termination from the A-2 position were motivated, at least in part, due to his disability. *Memorandum in Support of Plaintiff's Motion for Reconsideration*, p. 2 (Docket No. 36-2).

Plaintiff's Motion for Reconsideration was granted on March 3, 2007. *Memorandum Decision and Order* (Docket No. 39). In this decision, a mixed motive analysis was applied to Plaintiff's disability claims under the ADA and the Rehabilitation Act and, under the mixed motive standard, there was sufficient evidence in the record to allow Plaintiff to take his disability discrimination claims to a jury. *Id.* at 8.

On April 9, 2007, Defendant filed a Motion to Alter or Amend (Docket No. 41) the Court's Memorandum Decision and Order on Plaintiff's Motion for Reconsideration concurrently with a Motion for Enlargement of Time to File Motion to Alter or Amend (Docket No. 40). Defendant argues that a mixed motive analysis is not applicable to the Rehabilitation Act claim. *Memorandum in Support of Motion to Alter or Amend*, p. 2 (Docket No. 41-2).

Plaintiff opposes the Motion to Alter or Amend as well as the Motion for Enlargement of Time asserting that: (1) the Court does not have jurisdiction to extend the deadline applicable to a motion to alter or amend pursuant to Rule 59(e); (2) Defendant cannot meet the standard required for a motion to amend under Rule 59(e); and (3) a mixed motive analysis is available under the Rehabilitation Act. *Plaintiff's Memorandum in Opposition to Defendant's Motion for Enlargement of Time to File Motion to Alter or Amend and Opposition to Defendant's Motion to Alter or Amend* (Docket No. 44). In its Reply, Defendant concedes that Rule 59(e) is not applicable, and the Court should consider the Motion to Alter or Amend a Motion for Reconsideration under Rule 54(b). *Reply Memorandum on Motion for Reconsideration*, pp. 1-2 (Docket No. 45).

In response, Plaintiff filed a Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration or, in the Alternative, Leave to File Supplemental Brief in

Opposition to Defendant's Motion to Alter or Amend (Docket No. 46). Plaintiff argues that it would be unfair for the Court to consider the Motion to Alter or Amend under the motion for reconsideration standard, because Plaintiff has not had a chance to address this argument. *Memorandum in Support of Plaintiff's Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration, or in the Alternative, Leave to File Supplemental Brief in Opposition to Defendant's Motion to Alter or Amend* (Docket No. 46-2).

## II.

## STANDARD OF REVIEW

Both parties recognize that Defendant's Motion to Alter or Amend pursuant to Rule 59(e) should have been brought before the Court as a Motion for Reconsideration under Rule 54(b). Such a motion can be brought "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

Pursuant to Rule 54(b), reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

"[A] successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration 'must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Save Our Bays and Beaches*

*v. City and County of Honolulu*, 904 F.Supp. 1098, 1115 (D. Haw. 1994) (quoting *Painting Ind. of Hawaii v. U.S. Dept. of Air Force*, 756 F.Supp. 452 (D. Haw. 1990)).

Plaintiff argues that it would be "fundamentally unfair" for the Court to allow Defendant to change its motion from a Rule 59(e) motion to a 54(b) motion, because Plaintiff has not had an opportunity to respond to the motion as a 54(b) motion. *Memorandum in Support of Plaintiff's Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration, or in the Alternative, Leave to File Supplemental Brief in Opposition to Defendant's Motion to Alter or Amend*, p. 2 (Docket No. 46-2). However, Defendant's motion raises a purely legal argument regarding the mixed motive analysis under the Rehabilitation Act. The Court's inquiry, therefore, is focused exclusively upon the correct rule of law, the substantive issue raised in Defendant's 59(e) motion. Furthermore, Plaintiff has had at least three prior opportunities to address this issue; the Court applied the Rehabilitation Act to Plaintiff's claims in the context of Defendant's Motion for Summary Judgment (Docket No. 13), Plaintiff's Motion for Reconsideration (Docket No. 36), and now Defendant's Motion to Alter or Amend (Docket No. 41). Finally, Plaintiff addressed the causation standard under the Rehabilitation Act in Plaintiff's Memorandum in Opposition to Defendant's Motion for Enlargement of Time to File Motion to Alter or Amend and Opposition to Defendant's Motion to Alter or Amend (Docket No. 44).

Because Defendant's Motion to Alter or Amend (Docket No. 41) is appropriate and timely pursuant to Rule 54(b) as a Motion for Reconsideration, Plaintiff's Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration or, in the Alternative, Leave to File Supplemental Brief in Opposition to Defendant's Motion to Alter or Amend (Docket No.

46) is denied. Further, Defendant's Motion for Enlargement of Time to File Motion (Docket No. 40) is moot.

## III.

## ANALYSIS

The ADA and Rehabilitation Act contain different language regarding causation. Title II of the ADA provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132 (emphasis added). As described in the Court's Decision and Order on Plaintiff's Motion for Reconsideration (Docket No. 39), the Ninth Circuit Court of Appeals has made clear that "the ADA outlaws adverse employment decisions motivated, *even in part*, by animus based on a plaintiff's disability or request for an accommodation - *a motivating factor standard.*" *Dark v. Curry County*, 451 F.3d 1078, 1085 (9th Cir. 2006). The first Ninth Circuit decision applying the motivating factor standard noted that the ADA does not contain the term "solely." *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1064 (9th Cir. 2005). Thus, the Ninth Circuit determined that "'solely' is not the appropriate causal standard under any of the ADA's liability provisions." *Id.* at 1065. Rather, "a 'motivating factor' standard is most consistent with the plain language of the statute and the purpose of the ADA." *Id.* In contrast to the ADA, Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual . . . shall, *solely* by reason of her or his disability . . . be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C.A. § 794(a) (emphasis added).

Use of the term "solely" in the Rehabilitation Act has led the Ninth Circuit to recognize and apply a different causation standard to Rehabilitation Act and ADA claims. The different causation standards are evident in the following statement of law:

> To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of his disability. See* 42 U.S.C. § 12132 (emphasis added); *Does 1-5 v. Chandler*, 83 F.3d 1150, 1154-1155 (9th Cir.1996). Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is an individual with a disability (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program *solely by reason of his disability;* and (4) the program receives federal financial assistance. *See* 29 U.S.C. § 794 (emphasis added); *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir.1988); *Doherty v. Southern College of Optometry,* 862 F.2d 570, 573 (6th Cir.1988).

*Weinreich v. Los Angeles County Metropolitan Transp. Authority,* 114 F.3d 976 (9th Cir. 1997); *see also Wong v. Regents of University of California,* 410 F.3d 1052, 1058 (9th Cir. 2005) (holding that Rehabilitation Act plaintiff must demonstrate, in part, that "he 'was dismissed solely because of [his] disability'").

Plaintiff argues that the mixed motive standard applies to the Rehabilitation Act, because: (1) the relevant federal regulations with regard to the Rehabilitation Act do not use the term "solely" to describe causation; (2) the 1992 amendments to the Rehabilitation Act were made to ensure that the Rehabilitation Act is interpreted to provide the same protections as the ADA; and (3) imposing different causation standards to ADA and Rehabilitation Act claims makes little sense. *Plaintiff's Memorandum in Opposition to Defendant's Motion for Enlargement of Time to File Motion to Alter or Amend and Opposition to Defendant's Motion to Alter or Amend*, pp. 4-5 (Docket No. 44).

**MEMORANDUM DECISION & ORDER -7-**

First, with regard to the applicable federal regulations, such regulations are not valid if they are inconsistent with the statute's plain meaning. *Regents of University of California v. Shalala*, 82 F.3d 291, 294 (9th Cir. 1996). The Rehabilitation Act clearly prohibits discrimination *solely* because of a person's disability. The federal regulations must be interpreted consistent with this plain language.

Second, with regard to the 1992 amendments, the relevant change cited by Plaintiff provides as follows:

> The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201 to 12204 and 12210), as such sections relate to employment.

29 U.S.C.A. § 794(d). This text does not clearly indicate that Congress intended to change the causation standard in the Rehabilitation Act to a motivating factor standard. *See Soledad v. U.S. Dept. of Treasury*, 304 F. 3d 500, 505 (5th Cir. 2002) (holding that 1992 amendments did not change causation standard under the Rehabilitation Act). If Congress had intended to change the Rehabilitation Act's causation standard, the more direct route would have been to change the language of the liability provision and take out the term "solely." Furthermore, a large number of cases interpreting the Rehabilitation Act following the 1992 amendments, including the Ninth Circuit cases cited above, continue to apply the heightened sole causation standard to Rehabilitation Act claims. *See, e.g., Gates v. Rowland*, 39 F.3d 1439 (9th Cir. 1994); *Gilmore v. University of Rochester Strong Memorial Hosp.*, 384 F.Supp.2d 602 (W.D. N.Y. 2005) (stating "[a]lthough the ADA and Rehabilitation Act generally are construed to impose the same requirements on covered entities, the causation standards under the two acts are not the same");

*Kurth v. Gonzales*, 472 F.Supp.2d 874 (E.D. Tex. 2007)(citing *Chandler v. City of Dallas*, 2 F.3d 1385 (5th Cir. 1993)); *Sellers v. School Bd.*, 141 F.3d 524, 528 (4th Cir. 1998); *Knapp v. Northwestern University*, 101 F.3d 473 (7th Cir. 1996).

Third, other courts addressing the different causation standards between the ADA and the Rehabilitation Act have determined that the different standards make sense in light of "the broad purposes of the ADA." *Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2nd Cir. 2000); *see also McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1074 (11th Cir. 1996); *Baird v. Rose*, 192 F.3d 462, 469 (4th Cir. 1999). The issue in these cases is whether the ADA should import the more exacting causation standard included in the Rehabilitation Act, and the general consensus is that the statutes embody different causation standards.

In light of the above analysis, the Court concludes that the March 23, 2007 Memorandum Decision and Order (Docket No. 39) was incorrect to the extent that a mixed motive analysis applied to Plaintiff's Rehabilitation Act claims. Given the plain language of the statute and substantial case law, it is clear that a mixed motive analysis is not appropriate when applying the Rehabilitation Act. Instead, the Court must apply a sole causation standard.

Applying the sole causation standard to Plaintiff's claim, the Court concludes that there is sufficient evidence in the record to allow a reasonable juror to decide that Plaintiff was demoted and later terminated *solely* because of his disability. As discussed in the Court's previous orders, there is sufficient evidence in support of Plaintiff's claims of discrimination and pretext to survive summary judgment under a mixed motive standard. These same facts support Plaintiff's claims of discrimination under the Rehabilitation Act's heightened causation standard. The Court must not weigh disputed evidence while ruling on a summary judgment motion.

Therefore, while Defendant's Motion for Reconsideration (Docket No. 41) is granted, its Motion for Summary Judgment (Docket No. 13) remains denied with regard to Plaintiff's disability claims.

## IV.

## ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED:

1. Defendant's Motion for Enlargement of Time to File Motion to Alter or Amend (Docket No. 40) is MOOT.

2. Defendant's Motion to Alter or Amend (Docket No. 41) is GRANTED in part and DENIED in part. The Motion is granted only to the extent that the Court's previous Orders (Docket Nos. 35, 39) are revised to include the proper sole causation standard under the Rehabilitation Act.

3. Plaintiff's Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration or, in the Alternative, Leave to File Supplemental Brief in Opposition to Defendant's Motion to Alter or Amend (Docket No. 46) is DENIED.

Therefore, while Defendant's Motion for Reconsideration (Docket No. 41) is granted, its Motion for Summary Judgment (Docket No. 13) remains denied with regard to Plaintiff's disability claims.

## IV.

## ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED:

1. Defendant's Motion for Enlargement of Time to File Motion to Alter or Amend (Docket No. 40) is MOOT.

2. Defendant's Motion to Alter or Amend (Docket No. 41) is GRANTED in part and DENIED in part. The Motion is granted only to the extent that the Court's previous Orders (Docket Nos. 35, 39) are revised to include the proper sole causation standard under the Rehabilitation Act.

3. Plaintiff's Motion to Strike Defendant's Reply Memorandum on Motion for Reconsideration or, in the Alternative, Leave to File Supplemental Brief in Opposition to Defendant's Motion to Alter or Amend (Docket No. 46) is DENIED.

DATED: **July 11, 2007.**

*/s/ Larry M. Boyle*

Honorable Larry M. Boyle
U. S. Magistrate Judge