IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 05-054-E-LMB |
| ) | |
| v. ) | MEMORANDUM DECISION |
| ) | AND ORDER |
| STATE OF IDAHO DEPARTMENT OF ) | |
| ENVIRONMENTAL QUALITY, ) | |
| ) | |
| Defendant. ) | |

Currently pending before the Court is Plaintiff's Motion in Limine to Exclude Any Expert Testimony Offered by Defendant (Docket No. 57). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. INTRODUCTION

Defendant has neither identified any experts in this matter nor provided any expert witness reports. Therefore, Plaintiff seeks to ensure that Defendant not be permitted to introduce expert testimony via Dr. Tony Golden, a health care provider who was contracted by Defendant to provide the initial pre-employment medical evaluation of Plaintiff.

## II. ANALYSIS

The dispute on the issue of Dr. Golden's anticipated testimony is not altogether clear. On the one hand, Plaintiff states in no uncertain terms that "Defendant cannot present any expert testimony because it failed to disclose any expert witnesses." See Mem. in Supp. of Pl.'s Mot. in Limine, p. 3 (Docket No. 57, Att. 2). This argument presumably applies to Dr. Golden

exclusively. At the same time, Plaintiff acknowledges that he is not seeking the wholesale exclusion of Dr. Golden's testimony; indeed, Plaintiff concedes that Dr. Golden can testify "only as an ordinary witness" - whatever that might mean under the circumstances present here - but "cannot offer any opinions as to Plaintiff's medical conditions, his opinion as to his diabetic condition and any related restrictions, or Plaintiff's ability to perform his job." *Id.* at p. 4.

Defendant claims that Plaintiff's efforts with respect to Dr. Golden are overbroad. *See* Mem. in Opp. to Mot. in Limine, p. 1 (Docket No. 62). In this respect, Defendant points out that Dr. Golden was listed and timely disclosed as a person with relevant knowledge probative to the claims involved here. *Id.* Defendant therefore requests that Dr. Golden be allowed to testify as to "facts upon which he had knowledge." *Id.* at p. 2.

Thus, despite the parties' briefing, both sides appear to be in agreement that Dr. Golden be allowed to testify to some extent as an ordinary, fact witness. The scope, however, of his testimony is less clear. When asked during the pre-trial conference what Defendant expects Dr. Golden to testify to, Defendant's counsel responded with something to the effect of: "Dr. Golden's relationship with the Idaho Department of Environmental Quality and what he does for them." The Court finds it hard to believe that Plaintiff's counsel would object to such limited testimony.

Accordingly, with all of this in mind, there is no question that Dr. Golden will be allowed to testify. Although he may not be Plaintiff's treating physician in the strict sense and certainly is not an expert retained specifically for this litigation, Dr. Golden nonetheless maintains a certain level of relevant knowledge on par with that of a fact or percipient witness. Still, because the boundaries of the dispute are not well known, coupled with what appears to be at least *some* agreement among counsel as to the treatment of Dr. Golden and the scope of his anticipated

MEMORANDUM DECISION & ORDER - 2

testimony, counsel for the parties will be required to meet, confer, and hopefully stipulate to what Dr. Golden can or cannot testify to at trial. In the event the parties cannot reach a stipulation before the end of business on Tuesday, May 20, 2008 and so advises the Court, a decision on that issue will be made by the Court.[1]

### III. ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude any Expert Testimony Offered by Defendant (Docket No. 57) be DENIED. Further, it is ORDERED that counsel for the parties meet and confer as to the scope of Dr. Golden's anticipated testimony before May 20, 2008. If, after May 20, 2008, Plaintiff and Defendant are unable to reach a stipulated agreement as to the scope of Dr. Golden's anticipated testimony, the parties are to advise the Court, and a supplemental Memorandum Decision and Order will be issued before the end of that week.



DATED: **May 15, 2008.**

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

---

[1] For the parties' benefit, the Court intends to have a ruling on Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 54(b) (Docket No. 70) no later than Tuesday, May 20, 2008.

MEMORANDUM DECISION & ORDER - 3