# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 05-054-E-LMB |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| STATE OF IDAHO DEPARTMENT OF ) | |
| ENVIRONMENTAL QUALITY, ) | |
| ) | |
| Defendant. ) | |

Currently pending before the Court is Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 54(b) (Docket No. 70). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. INTRODUCTION

Through his latest Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 54(b) (the "Motion for Reconsideration") (Docket No. 70), Plaintiff argues that recent Ninth Circuit precedent mandates that Rehabilitation Act claims be analyzed using a mixed motive causation standard - not a sole causation standard. *See* Mem. in Supp. of Mot. for Reconsid., pp. 2-5 (Docket No. 70, Att. 2). Specifically, Plaintiff argues that the Ninth Circuit "has made it clear in the approximately nine months since this Court issued its [July 11, 2007]

MEMORANDUM DECISION & ORDER - 1

opinion, that there should be no substantive differences in the analysis between the Rehabilitation Act and the ADA." *Id.* at pp. 1-2 (emphasis added). In other words, through the instant motion, Plaintiff argues that his Rehabilitation Act claim should be considered based upon a mixed motive, not a sole causation, analysis. *Id.* at pp. 2-5.

## II. ANALYSIS

### A. Standard of Review

A motion for reconsideration under FRCP 54(b) can be brought "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *See* Fed. R. Civ. P. 54(b). Pursuant to FRCP 54(b), reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

"[A] successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration 'must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Save Our Bays and Beaches v. City and County of Honolulu*, 904 F. Supp. 1098, 1115 (D. Haw. 1994) (quoting *Painting Ind. of Hawaii v. U.S. Dept. of Air Force*, 756 F. Supp. 452 (D. Haw. 1990)).

### B. The ADA vs. The Rehabilitation Act

It is beyond reasonable dispute that the ADA and Rehabilitation Act contain considerably different language regarding causation. Title II of the ADA provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in

or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C.A. § 12132 (emphasis added). As described in previous Orders from this Court, the Ninth Circuit has made it clear that "'the ADA outlaws adverse employment decisions motivated, *even in part*, by animus based on a plaintiff's disability or request for an accommodation - a motivating factor standard.'" *Dark v. Curry County*, 451 F.3d 1078, 1085 (9th Cir. 2006) (quoting *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005) (emphasis in original)). The Ninth Circuit's decision in *Head* applies the motivating factor standard and noted that the ADA does not contain the word "solely." *See Head*, 413 F.3d at 1064. Thus, the Ninth Circuit concluded that "'solely' is not the appropriate causal standard under any of the ADA's liability provisions." *Id.* at 1065. Rather, the Ninth Circuit held that "a 'motivating factor' standard is most consistent with the plain language of the statute and the purpose of the ADA." *Id.*

In contrast, as is at issue here, Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual . . . shall, *solely* by reason of her or his disability, . . . be subjected to discrimination under any program or activity receiving financial assistance." *See* 29 U.S.C.A. § 794(a) (emphasis added). Historically, use of the word "solely" in the Rehabilitation Act has led the Ninth Circuit to recognize and apply different causation standards to Rehabilitation Act claims and claims brought under the ADA. In this respect, the different causation standards applicable are illustrated by the Ninth Circuit in the following statement of law:

> To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefit of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of his disability*. *See* 42 U.S.C. § 12132 (emphasis added); *Does 1-5 v. Chandler*, 83

MEMORANDUM DECISION & ORDER - 3

> F.3d 1150, 1154-55 (9th Cir. 1996). Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program *solely by reason of his disability*; and (4) the program receives federal financial assistance. *See* 29 U.S.C. § 794 (emphasis added); *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988); *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988).

*Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976 (9th Cir. 1997); *see also Wong v. Regents of University of California*, 410 F.3d 1052, 1058 (9th Cir. 2005) (holding that Rehabilitation Act plaintiff must demonstrate, in part, that "he 'was dismissed solely because of [his] disability'"). Indeed, the same line of reasoning was adopted by this Court in the July 11, 2007 Memorandum Decision and Order. *See* Mem. Decision and Order, p. 9 ("[I]t is clear that a mixed motive analysis is not appropriate when applying the Rehabilitation Act. Instead, the Court must apply a sole causation standard.")

Now, Plaintiff argues that Ninth Circuit case law, since entering this Court's July 11, 2007 Memorandum Decision and Order, requires the application of the mixed motive standard to his Rehabilitation Act claim. Specifically, Plaintiff argues that "the Ninth Circuit has demonstrated its intentions with regard to this issue by requiring that the rights and obligations under the [ADA and the Rehabilitation Act] be the same" and that "[b]y applying a different causation standard, there will be significant differences in the analysis of the rights and obligations created by the two Acts in the jury instructions." *See* Mem. in Supp. of Mot. for Reconsid., p. 2 (Docket No. 70, Att. 2). Yet, as Defendant argues, the portions of the recent Ninth Circuit authority that Plaintiff urges this Court to follow, cite in relevant part to cases issued prior to the Court's earlier consideration of this same issue. *See* Mem. in Opp. of Pl.'s Mot. for Reconsid., p. 2 (Docket No. 72). That is, the quoted portion of each case cited by

Plaintiff is not only nearly identical to one another as it applies to the analyses within both the ADA and the Rehabilitation Act, but also the progeny of other, older cases - not to mention relegated to a footnote in each of the cited cases.[1] In other words, Plaintiff ultimately cites to dated case law to revive an argument previously raised within his May 3, 2007 Opposition to Defendant's Motion to Alter or Amend. *See* Opp. to Def.'s Mot. to Alter or Amend, pp. 4-5 (Docket No. 44) ("More importantly, the Rehabilitation Act was amended in 1992 to ensure it was interpreted to provide the same substantial protections as the ADA . . . . [T]he ADA and Rehabilitation Act should be analyzed under the same standard.")

Moreover, the cases Plaintiff relies upon do not speak to the issue of causation, generally,[2] or the distinction between causation standards between the ADA and the Rehabilitation Act, specifically. *See, e.g.*, Mem. in Supp. of Mot. for Reconsid., p. 4 (Docket No. 70, Att. 2) ("Admittedly, none of those cases directly considered the specific language

---

[1] *See, e.g., Mark H. v. Lemahieu*, 513 F.3d 922, 937, n. 13 (9th Cir. 2008) ("'[T]here is no significant difference in the analysis of rights and obligations created by' the Rehabilitation Act and the ADA.") (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1152, n. 7 (9th Cir. 2002); *Pierce v. County of Orange*, 519 F.3d 985, 1010, n. 27 (9th Cir. 2008) ("We have therefore observed that '[t]here is no significant difference in analysis of the right and obligations created by the ADA and the Rehabilitation Act.") (quoting *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999)); *Edwards v. Tacoma Public Schools*, 2008 WL 1817379, * 1 (9th Cir. 2008) ("'[W]e examine cases construing claims under the [ADA] . . . as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts.") (quoting *Vinson*, 288 F.3d at 1152, n. 7).

[2] It is important to mention here that, in no less than two instances does the Ninth Circuit in *Mark H.* seem to re-emphasize the sole causation analysis that Plaintiff advocates against. *See Mark H.*, 513 F.3d at 937 ("The text of § 504 prohibits not only 'discrimination' against the disabled, but also 'exclu[sion] from . . . participation in' and 'deni[al] [of] the benefits of' state programs *solely by reason of a disability*.") (emphasis added); *Id.* at 938 ("Moreover, contrary to the Agency's contentions at oral argument, evidence that appropriate services were provided to some disabled individuals does not demonstrate that others were not denied meaningful access "'*solely on the basis of their disability.*'") (emphasis added).

**MEMORANDUM DECISION & ORDER - 5**

differences between the two Acts and the effect of the 1992 Amendments, asserting that the rights and obligations should be the same.") Instead, each of those cases focuses on the issue of "meaningful access" and/or "reasonable accommodation" - issues not present for purposes of Plaintiff's instant Motion for Reconsideration.[3]

Because Plaintiff's argument is neither new nor incorporates a change in controlling case law, there is no evidence that the Court's July 11, 2007 Memorandum Decision and Order is incorrect and should be revisited. Again, Plaintiff's argument resembles its previous argument relating to the effect of the 1992 Amendments to the Rehabilitation Act; namely, that the standards used to determine whether the Rehabilitation Act has been violated "shall be the standards applied under Title I of the ADA . . . ." The Court's prior rejection of this recycled argument applies equally here:

> This text [the amendments] do not clearly indicate that Congress intended to change the causation standard in the Rehabilitation Act to a motivating factor standard. *See Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 505 (5th Cir. 2002) (holding that 1992 amendments did not change causation standard under the Rehabilitation Act).[4] If Congress had intended to change the Rehabilitation Act's causation standard, the more direct route would have been to change the language of the liability provision and take

---

[3] Further, this Court views the "rights and obligations" as between the ADA and the Rehabilitation Act as potentially distinct concepts from the causation standards available under both Acts. While the Acts' "rights and obligations" may, in fact, be similar, this is not to say that the Acts and their causation standards are identical in every respect. This is particularly true when considering the stark difference in language used for causation as between the two laws.

[4] *See Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 505-06 (5th Cir. 2002) ("the plain language of § 794(a) clearly requires the use of a 'solely because of' form of causation. . . . . We conclude that the proper question to be asked in a Rehabilitation Act claim is whether the discrimination took place 'solely because of' the disability."); *but see Powell v. City of Pittsfield*, 221 F. Supp. 2d 119, 148-49 (D. Mass. 2002).

**MEMORANDUM DECISION & ORDER - 6**

> out the term "solely."[5] Furthermore, a large number of cases interpreting the Rehabilitation Act following the 1992 amendments . . . continue to apply the heightened sole causation standard to Rehabilitation Act claims. *See, e.g., Gates v. Rowland,* 39 F.3d 1439 (9th Cir. 1994) *Gilmore v. University of Rochester Strong Memorial Hosp.,* 384 F. Supp. 2d 602 (W.D.N.Y. 2005) (stating "[a]lthough the ADA and Rehabilitation Act generally are construed to impose the same requirements on covered entities, the causation standards under the two acts are not the same."); *Kurth v. Gonzales,* 472 F. Supp. 2d 874 (E.D. Tex. 2007) (citing *Chandler v. City of Dallas,* 2 F.3d 1385 (5th Cir. 1993)); *Sellers v. School Bd.,* 141 F.3d 524, 528 (4th Cir. 1998); *Knapp v. Northwestern University,* 101 F.3d 473 (7th Cir. 1996).

*See* Mem. Decision and Order, pp. 8-9 (Docket No. 49)

There is no question that Plaintiff raises both a reasonable as well as an interesting point that has caused a great deal of thought and analysis; likewise, there is no question that the ADA and the Rehabilitation Act, when viewed side-by-side as well as when considering their respective applications to similar sets of circumstances, is not without the potential for some debate or reasonable confusion. Nonetheless, absent specific case law overruling the authority

---

[5] As the Fifth Circuit in *Soledad* reasoned:

> A provision must be considered in its context and the more specific provision within a statute prevails. The causation standard of § 794(a) requiring that the discrimination be "solely by reason of her or his disability," is clearly the more specific. Because Congress chose not to repeal the "solely by reason of" language of § 794(a) when it amended the statute, we conclude that Congress did not intend to adopt the ADA standard of causation with the § 794(d) amendment. We therefore find no error in the district court's holding that it improperly instructed the jury that it could find liability if Soledad's disability was simply a "motivating factor." The instruction to the jury was clearly in error as a matter of law and very likely affected the outcome of the case. Liability can only be found when the discrimination was "solely by reason of her or his disability," not when it is simply a "motivating factor."

*Soledad,* 304 F.3d at 505 (internal citations omitted).

**MEMORANDUM DECISION & ORDER - 7**

referenced within the Court's July 11, 2007 Memorandum Decision and Order, coupled with the stark statutory language used within the Rehabilitation Act itself, it is not this Court's responsibility to anticipate or presume what the Ninth Circuit "would most likely" do when case law already exists, outlining what it has already done or, just as important, what it has not already done. What is left then, after considering this issue a second time, is a request to revisit a prior ruling that is based on existing Ninth Circuit case law. While tempting indeed to venture into unchartered waters in an attempt to anticipate or divine what the Ninth Circuit might do if presented with this issue, the Court declines to do so at this time.

## IV. ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 54(b) (Docket No. 70) is DENIED.

DATED: **May 20, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge